# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

MICHAEL ANDY GUNN,

       Plaintiff,

v.                          CASE NO.  5:15cv157-RH/GRJ

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

       Defendant.

_____/

## ORDER DENYING THE MOTION TO DISMISS
## AND STAYING THE BAD-FAITH CLAIM

The plaintiff Michael Andy Gunn alleges that he suffered damages in a vehicle crash caused by a tortfeasor whose liability insurance was insufficient to cover Mr. Gunn's damages.  Mr. Gunn had $100,000 in underinsured-motorist coverage through the defendant State Farm Mutual Automobile Insurance Company.  In this action Mr. Gunn asserts claims against State Farm for the full amount of State Farm's underinsured-motorist coverage (count 1), for bad faith (count 2), and for a declaratory judgment establishing the full amount of Mr. Gunn's damages resulting from the crash (count 3).

State Farm has moved to dismiss counts 2 and 3.  Under settled Florida law, the bad-faith claim in count 2 cannot proceed until State Farm's underlying liability is established on count 1.  *See, e.g.*, *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289 (Fla.1991); *Maraist v. State Farm Mut. Auto. Ins. Co.*, No. 4:12-cv-266-RH/CAS, 2012 WL 3536759 (N.D. Fla. Aug. 13, 2012).  Even so, in precisely these circumstances, some courts have stayed, rather than dismissed, a bad-faith claim.  *See, e.g., Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-Orl-37FJK, 2014 WL 6674458 (M.D. Fla. Nov. 24, 2014).  And some courts have allowed a declaratory-judgment claim to proceed, thus eliminating the possibility that a jury will return a verdict on the amount of damages caused by the underlying tortfeasor's actions but that the verdict will somehow not be binding if the same issue is presented in a later bad-faith trial.  *See Pici v. 21st Century Centennial Ins. Co.*, 8:14-cv-1835-T-36TGW, 2015 WL 404250 (M.D. Fla. Jan. 8, 2015); *Leuty v. State Farm Mut. Auto. Ins. Co.*, 8:13–cv–3038–T–35MAP, 2014 U.S. Dist. LEXIS 166046 (M.D. Fla. June 16, 2014).

As a matter of discretion, I choose to take that approach here.  The amount of damages caused by the underlying tort presents an actual dispute that is ripe for determination and that should be resolved in a reliable, efficient, and fair manner—not in successive proceedings that are unnecessarily expensive and delayed.

For these reasons,

IT IS ORDERED:

1.  The motion to dismiss, ECF No. 4, is DENIED.

2.  All proceedings on count 2 are stayed until otherwise ordered.

SO ORDERED on September 16, 2015.

s/Robert L. Hinkle
United States District Judge